**Jimmy ASHER, Appellant,**

**v.**

**Dr. Otis BOWEN, Appellee.**

**No. 87-1356.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1987.

Decided Jan. 27, 1988.

Timothy Harlan, Columbia, Mo., for appellant.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Jimmy Asher (Asher) appeals from the decision of the Secretary of Health and Human Services (Secretary) denying him social security disability benefits. We remand for further administrative proceedings.

## I. BACKGROUND.

Asher was born on July 8, 1944. He has an eighth grade education. He previously worked as a truckdriver, front-end loader, forklift operator, janitor and laborer. Much of his past work was for a mining company. Asher claims that he became disabled in November of 1984 because of lung problems.

Asher applied for disability benefits on February 6, 1985, based on his lung problems. His claims were denied on both initial and reconsidered determinations. He then requested and was granted a hearing before an Administrative Law Judge (ALJ) on September 24, 1985.

At the hearing Asher, represented by an attorney, testified that his breathing problems, coupled with heart problems, kept him from working. He testified that he had been hospitalized for his breathing problems, which are aggravated by smoke, dust and fumes, such as hair sprays. He testified that extremes in temperature and dampness also aggravated his condition, and that his shortness of breath had persisted for two years.

After examining the medical evidence relating to Asher's condition, the ALJ noted that Asher had severe "chronic obstructive lung disease with periodic attacks of sinusitis and asthmatic bronchitis," and that his airways were "moderately obstructed." The ALJ concluded:

> The claimant's pulmonary problem is significant * * * and precludes a return to his past work as a lead miner or any other job performed in a less than clean atmosphere. Accordingly [because Asher has shown that he could not return to his past work], the burden then shifts to the Secretary to prove by a preponderance of the evidence that the claimant is able to perform some other job which exists in substantial numbers in the national economy. An examination of all the evidence, and the claimant's testimo-

ny, shows that he has a residual functional capacity to perform sedentary work in a temperate, clean atmosphere.

ALJ's opinion at 4.

The ALJ noted that the only restrictions placed upon Asher by his doctors were to avoid dust and strenuous physical exertion. According to the ALJ, sedentary work did not require strenuous physical activity. The ALJ then applied Asher's younger age, his limited education, and his non-transferable work skills, together with his residual functional capacity for sedentary work, to the Secretary's Medical–Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1, Rules 201.-24 and 201.25 (the Guidelines), and concluded that Asher was not disabled.[1]

The ALJ noted that Asher's impairment caused both exertional, or strength, limitations and nonexertional limitations, insofar as he was restricted to work in a temperate, clean atmosphere.[2] According to the ALJ, however, this restriction did not significantly reduce the range of sedentary jobs available in either the local or the national economy because:

> The majority of sedentary jobs are performed in environments controlled so as to exclude polluted and intemperate air. The claimant's capacity for the full range of sedentary work has not been significantly compromised by his inability to tolerate intemperate, unclean air. Accordingly, the claimant is not disabled.

ALJ's opinion at 6.

After considering further evidence, the Appeals Council of the Social Security Administration denied Asher's request for review. Thus, the decision of the ALJ became the "final decision" of the Secretary and was subject to judicial review in the district court. *See* 42 U.S.C. § 405(g). The district court designated a magistrate, pursuant to 28 U.S.C. § 636, to review the parties' cross-motions for summary judgment. After reviewing the Secretary's final decision, the Magistrate concluded that the Secretary's finding that the majority of sedentary jobs do not involve work in polluted or intemperate air was "based on a matter of common knowledge and experience, and is reasonable, and therefore should not be overturned. *See, e.g., Phillips v. Department of HEW,* 453 F.Supp. 1047, 1051 (S.D.N.Y.1978)." Magistrate's Report and Recommendation at 15. Accordingly, the Magistrate recommended granting the Secretary's motion for summary judgment. This recommendation was adopted by the district court, and Asher appealed to this court.

## II. DISCUSSION.

In reviewing this case we must determine whether the record contains substantial evidence to support the Secretary's decision that Asher is not disabled. *Osborn v. Bowen,* 794 F.2d 385, 387 (8th Cir.1986). Our inquiry focuses on the Secretary's factual determination that the majority of sedentary jobs are performed in environments that have clean, temperate air. We are compelled to conclude that this

1. In order to make uniform decisions in cases where a finding of disabled cannot be based on medical evidence alone, the Secretary has devised the Guidelines, which take administrative notice of the number of unskilled jobs that exist throughout the national economy at various functional levels—sedentary, light, medium, and heavy and very heavy. Application of the Guidelines requires consideration of the various vocational factors—age, education, and work experience, along with a claimant's residual functional capacity. Basically, the Guidelines are a matrix which combine different permutations of essential factors and state, as to each combination, whether a claimant with those characteristics is disabled or not disabled.

   Two types of individuals are excluded from the Guidelines: (1) persons who, at a given level of residual functional capacity, are capable of some work at the level but not a full range of work; and (2) persons who have nonexertional impairments that significantly limit their ability to do basic work activities. *See infra* n. 2. However, even in these cases the Secretary can use the Guidelines as a frame of reference for considering the jobs or types of work precluded by the additional impairments.

2. Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work. Examples are mental, sensory or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions. *See* 20 C.F.R. Subpart P, Appendix 2, § 200.00(e) (1986).

finding, stated without supporting authority of any kind, is not supported by substantial evidence. The Secretary's own regulations observe that approximately 85% of the 200 unskilled, sedentary occupations that exist throughout the national economy are in the machine trades and bench work categories. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.00(a) (1986). The Fifth Circuit has concluded that work in the machine trades and bench categories often involves exposure to airborne respiratory irritants. *Thomas v. Schweiker*, 666 F.2d 999, 1004–05 n. 8 (5th Cir.1982). The Seventh Circuit has agreed. *Warmoth v. Bowen*, 798 F.2d 1109, 1112 (7th Cir.1986). The *Warmoth* court further noted that "it is hard to conceive of many unskilled, sedentary jobs that are performed in surroundings free of cigarette smoke, perfume and other like irritants which [appellant] cannot tolerate." *Id.*

Other circuits have recognized that where a claimant has an intolerance for atmospheric pulmonary irritants, special consideration is required, above and beyond a mechanical application of the Guidelines. *Roberts v. Schweiker*, 667 F.2d 1143, 1145 (4th Cir.1981) (per curiam); *Shelman v. Heckler*, 821 F.2d 316, 322 (6th Cir.1987); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984); *Sryock v. Heckler*, 764 F.2d 834, 837 (11th Cir.1985); *Smith v. Bowen*, 826 F.2d 1120, 1123 (D.C.Cir.1987). Moreover, under the Secretary's own regulations, inability to tolerate dust and fumes is one example of an environmental restriction not factored into the Guidelines. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e) (1986).

We recognize that in this case the Secretary purported to consider Asher's breathing problems. It is the cursory nature of the Secretary's consideration that we find troubling. We think the Secretary improperly determined, without the benefit of further testimony such as that of a vocational expert, and without discussing or distinguishing the cases to consider this issue, that the majority of unskilled sedentary jobs in the national economy take place in a pollution-free environment. The Secretary's conclusion in this regard stands alone, with no evidence to support it, and is contradicted by his own regulations and the cases that have considered this issue.

We recognize that as of late, strides are being taken in the workplace to cut down on airborne pollutants and irritants; however, we cannot simply accept on faith the Secretary's unsupported factual assertion that the sedentary workplace in America today is satisfactorily environmentally controlled. Accordingly, we reverse and remand to the Secretary for greater consideration and more detailed findings in light of his own regulations as to this issue and the cases that have considered this question.