**William T. WHITE, Appellee,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellant.**

**No. 89–1562.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 6, 1990.

Decided Feb. 9, 1990.

Karen H. Sharp, Dallas, Tex., for appellant.

Steven R. Davis, North Little Rock, Ark., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Louis W. Sullivan, M.D., Secretary of Health and Human Services, appeals from the District Court's [1] order reinstating benefits for William T. White for the period of time between February 1982 and October 9, 1985. We reverse and remand to the District Court for further proceedings.

---

1. The Honorable John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas, to whom the matter was referred for entry of judgment by consent of the parties pursuant to 28 U.S.C. § 636(c).

White filed his first application for disability insurance benefits in 1973. This claim was denied initially and upon reconsideration. He filed another application in January 1977 alleging disability as of March 16, 1976, due to a back injury. A period of disability was established for White beginning on the alleged onset date. On February 19, 1982, the Social Security Administration informed White that he was no longer considered to be disabled and that his last disability check would be for the month of April 1982. White appealed this determination to the hearing level. An Administrative Law Judge (ALJ) denied relief and on February 9, 1983, the Appeals Council declined review. Thus, the decision terminating benefits became the final decision of the Secretary. White did not seek judicial review of this decision.

On June 16, 1983, White filed a third application for benefits, once again alleging disability as of March 16, 1976. This application was denied at all administrative levels. White filed a complaint for review of this decision in District Court. On July 7, 1986, the District Court remanded the case to the Secretary for consideration of new evidence.

On remand, the ALJ found that White became disabled as of October 9, 1985, and issued a recommended decision to grant benefits as of that date. White filed exceptions to the ALJ's decision, arguing he was entitled to a period of disability between April 1982 and October 1985. White did not specifically request that the decision to terminate benefits be reopened, but argued that the evidence supported a finding of continuous disability from 1976 through 1985. The Appeals Council adopted the recommended decision to grant benefits commencing October 9, 1985, concluding that the evidence did not support a finding of disability during the period of time in question, that is, April 1982 through October 1985.

White sought review of this decision on September 30, 1987, by filing a supplemental motion for summary judgment in District Court, claiming entitlement to benefits from the date of termination in 1982 through October 9, 1985. The District Court construed White's 1983 application for benefits as a request to reinstate benefits rather than an initial request for determination of disability. The Court then reviewed the termination decision, found the record devoid of any evidence that White's condition had improved, concluded that White's benefits were improperly terminated in 1982, and ordered reinstatement. In doing so, the Court noted that the Secretary's earlier decision to deny reinstatement "was of no consequence" because the ALJ failed to invoke the doctrine of res judicata. This appeal followed.

For reversal, the Secretary argues that the District Court improperly reopened the termination decision, which was not subject to judicial review. In response, White argues that the Secretary waived any defenses he may have had based upon res judicata or the statute of limitations as he did not assert them in a timely fashion. In the alternative, White contends that the Secretary reopened the decision to terminate benefits by considering testimony, exhibits, and arguments as to his continuous disability.

We find that the District Court improperly reviewed the termination decision. A district court has jurisdiction to review a final decision of the Secretary only when a civil action to review the decision is commenced within sixty days after notice of the decision is mailed, or within such other time as the Secretary may allow. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.-981, 404.982. White did not seek judicial review of the Secretary's final decision to terminate benefits until he filed his supplemental motion for summary judgment on the 1983 application, over four years later.

While the Secretary may decide to reopen a final decision, see 20 C.F.R. §§ 404.-987—404.989, the record does not support a finding that the Secretary did so in the instant case. At no time during the course of the proceedings on the 1983 application did the Secretary reconsider the merits of the termination decision. The final decision issued by the Appeals Council on the 1983 application makes this clear. Accord-

ingly, the District Court was without jurisdiction to review the termination decision, regardless of the Secretary's failure to explicitly invoke administrative res judicata. *See Anderson v. Heckler,* 805 F.2d 801, 804–05 (8th Cir.1986) (prior decision to terminate benefits not properly before court on review of new application where ALJ did not reopen decision to terminate, *i.e.,* consider it on the merits). Accordingly, the Court's order reinstating White's benefits must be reversed.

Because the District Court did not address the merits of White's claim for benefits for the period of time between April 1982 and October 9, 1985, the case must be remanded. On remand the District Court must confine its review to whether the Secretary's final decision on the 1983 application is supported by substantial evidence.

For the foregoing reasons, we reverse and remand to the District Court for further proceedings.