Joan GLASSMAN, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary, Department of Health and Human Services, Appellee.

No. 89–1955.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1990.

Decided April 30, 1990.

Stuart R. Berkowitz, St. Louis, Mo., for appellant.

Harry B. Mallin, Kansas City, Mo., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Joan Glassman appeals the district court's[1] decision affirming the Secretary's ruling that she is not disabled and thus is not entitled to social security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. Glassman argues that substantial evidence in the record as a whole does not support the Secretary's decision. We are not persuaded and, accordingly, affirm the decision of the district court.

## I. BACKGROUND

Glassman is 47 years old, a high school graduate, and has no relevant work history. She applied for disability insurance benefits in April 1987, alleging disability

beginning in June 1967 due to residuals from childhood polio, psychiatric problems, low IQ, and a chemical imbalance that causes severe and uncontrollable body odor. It is undisputed that Glassman last met the earnings requirement on June 30, 1971. Thus, she must prove that she was disabled before that date.

Dr. Robert Burstein, Glassman's obstetrician, submitted a letter stating that he had treated Glassman since 1965 and that since that time Glassman has had a problem with severe body odor and has had restricted use of the right side of her body due to an episode of polio during her childhood. Dr. E.J. Cunningham examined Glassman at the Secretary's request in January 1987. He noted that Glassman had right-side weakness and a body odor problem.

A report was also submitted by Darrell Grant, a psychometrist. His report was dated May 8, 1987, and basically reiterated the physicians' conclusions and also stated that Glassman has psychological problems that make it difficult for her to get along with people. These observations were also made by a counselor at the Missouri Division of Vocational Rehabilitation. The record also indicates that Glassman was hospitalized in 1963 for manic depressive reaction.

In addition, Glassman submitted letters from a friend and a relative, both of whom stated that Glassman's problem with severe body odor and right-side weakness predated the expiration of her insured status.

When Glassman applied for benefits in April 1987 her application was denied initially and upon reconsideration. She then requested and was granted a hearing before an administrative law judge. The ALJ rendered a decision unfavorable to Glassman, finding that the was not under a disability at any time when she met the earnings requirement. The Appeals Council denied Glassman's request for review of

[1]. The Honorable Stephen N. Limbaugh, United States District Judge for the Western and Eastern Districts of Missouri.

the ALJ's ruling. Thus, the ALJ's decision stands as the final decision of the Secretary.

Upon judicial review, the magistrate[2] found that substantial evidence in the record as a whole supported the ALJ's decision that Glassman was not disabled prior to the expiration of her insured status on June 30, 1971. The district court adopted the magistrate's report and recommendation, and this appeal followed.

## II. DISCUSSION

Our standard of review of the Secretary's decision is well established. The decision must be upheld if there is substantial evidence in the record as a whole to support it. *Prince v. Bowen*, 894 F.2d 283, 285 (8th Cir.1990). "Substantial evidence" means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Id. See also Metcalf v. Heckler*, 800 F.2d 793, 794 (8th Cir.1986). Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n.*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966) (citations omitted).

In order to qualify for disability benefits Glassman has the burden of proving that she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which was expected to last for at least 12 months. 42 U.S.C. § 423(d)(1) (1982). Further, she must prove that her condition was disabling prior to the expiration of her insured status in June 1971. The ALJ concluded that Glassman did not meet this burden. We believe that this conclusion is supported by substantial evidence in the record as a whole.

As the ALJ noted, the only evidence of Glassman's medical treatment before June 1971 was the record of her hospitalization in 1963 when she was diagnosed with a manic depressive reaction, and that occurred substantially prior to the time that Glassman claims her disability began. Glassman's physician, a friend, and a relative submitted letters stating that her problem with severe body odor has been long-standing and existed prior to June 1971 when her insured status expired. As did the ALJ, we acknowledge this evidence. However, even assuming that the problem existed prior to June 1971 and that she could not get a job because of it, that condition does not entitle her to benefits because it is not a disability within the meaning of the Social Security Act.

What Glassman is describing is a condition that impairs her ability to get a job, not one that impairs her ability to perform one. Under the Social Security regulations, the test for disability is not whether an individual can actually get hired for a job, but whether he or she has the physical and mental capacity to adequately perform one. *See* 20 C.F.R. § 404.1566(c) (1989); *Warford v. Bowen*, 875 F.2d 671, 674 (8th Cir.1989) (stating that "[a]n individual is not disabled ... due to an inability to be hired for any particular job or specific hiring practices of employers. Rather, the test is whether the particular job is within the claimant's physical and mental capabilities." (citations omitted)). Thus, because Glassman's body odor problem did not impair her ability to work, it did not contribute to her alleged disability.

The conditions that Glassman claims did impair her ability to work are her right-side weakness and psychological problems. However, she does not claim that these impairments were so severe as to be disabling prior to June 1971. She relies primarily on her body odor problem and, as explained above, that condition is not one that disabled her.

We are not unmindful of the difficulties and problems confronting Glassman and we sympathize with her attempts to cope with the obstacles confronting her efforts to obtain employment. We also recognize that the result reached here may seem

**2.** The Honorable William Bahn, United States Magistrate for the Eastern District of Missouri.

harsh in light of Glassman's apparent predicament of being able to perform a job while perhaps unable to get one. We must apply the law as written and intended, and we are convinced that despite her difficult situation Glassman was not suffering from a legal disability prior to June 1971 and thus her remedy did not lie in Title II of the Social Security Act.

### III. CONCLUSION

Having concluded that the Secretary's decision that Glassman was not disabled during the period when she met the earnings requirement is supported by substantial evidence in the record as a whole, we affirm the district court's grant of summary judgment to the Secretary.