Carol M. CRONKHITE, Appellant,

v.

Louis SULLIVAN, Secretary of Health and Human Services, Appellee.

No. 90–5433.

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1991.

Decided April 24, 1991.

Ronald R. Notermann, Minneapolis, Minn., for appellant.

Edward P. Studzinski, Chicago, Ill., for appellee.

Before ARNOLD, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Carol M. Cronkhite appeals the judgment of the district court[1] adopting the magistrate judge's[2] recommendation to uphold the Secretary's decision denying her social security disability insurance benefits. We affirm.

Cronkhite alleged disability as of October 1984 because of her inability to tolerate many environmental irritants, such as fragrances, smoke, and gasoline. The Secretary determined after a hearing that Cronkhite did not have a severe impairment and denied benefits. The district court found that substantial evidence on the record as a whole supported a finding that Cronkhite did have a severe impairment, and remanded the case to the Secretary for further proceedings. On remand, a vocational expert (VE) testified at a supplemental hearing, and the Secretary again denied benefits, finding that Cronkhite could do sedentary jobs in "clean environments," particularly if she wore a face mask and gloves. The district court affirmed, and Cronkhite now appeals.

■ We agree with the district court that the Secretary's decision to deny benefits is supported by substantial evidence on the record as a whole. See Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir.1989). We reject Cronkhite's argument that the Administrative Law Judge (ALJ) made insufficient findings with regard to the types of jobs available in "clean environments." This case can be distinguished from Asher

v. Bowen, 837 F.2d 825 (8th Cir.1988), and Warmoth v. Bowen, 798 F.2d 1109 (7th Cir.1986) (per curiam), because here, the ALJ utilized vocational expert testimony to identify specific jobs available in such environments. We find no error in the ALJ's suggestion that Cronkhite could wear a face mask and gloves while working if desired, especially since Cronkhite wore a face mask during the supplemental hearing and testified she used a mask and gloves at other times to avoid irritants.

■ We also reject Cronkhite's argument that the ALJ's hypothetical question to the VE failed to include all of Cronkhite's impairments. The question included Cronkhite's age; education; superior intellectual ability and range of vocational interests; past work experience; daily limitations and home environment; "unconventional" allergic reactions, the frequency of which depended upon fortuitous contact with irritants; and inability to work due to fatigue for a period after a reaction. We conclude that the ALJ properly included in the hypothetical those impairments he accepted as true. See Roberts v. Heckler, 783 F.2d 110, 112 (8th Cir.1985) (per curiam). The ALJ properly gave little weight to the opinions of Cronkhite's chiropractors because such evidence is not considered an "acceptable source" of medical information to prove disability; it may be used only to show how an impairment affects the claimant's ability to work. See 20 C.F.R. § 404.1513 (1989).

■ Finally, the ALJ did not err in giving greater weight to the testimony of the VE than to the testimony of the state job service specialist. Cronkhite's witness improperly emphasized whether prospective employers would hire Cronkhite, rather than whether Cronkhite had the ability to perform work existing in the economy. See 20 C.F.R. § 404.1566 (1989); Glassman v. Sullivan, 901 F.2d 1472, 1474 (8th Cir. 1990) (test is not whether claimant can get

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. The Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota.

hired, but if she has capacity to adequately perform job).

Accordingly, we affirm.