Flossie L. TAYLOR, Appellant,

v.

Louis SULLIVAN, Secretary of the Department of Health and Human Services, Appellee.

No. 90–2361.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1991.

Decided Dec. 10, 1991.

Rehearing and Rehearing En Banc Denied Jan. 28, 1992.

Thomas Mann, Jr., Des Moines, Iowa, argued for appellant.

John E. Beamer, Des Moines, Iowa, argued (Gene W. Shepard, John E. Beamer, Des Moines, Iowa, Frank V. Smith, III and Yvonne M. Ernzen, Kansas City, Mo., on the brief), for appellee.

Before JOHN R. GIBSON, BOWMAN, and LOKEN, Circuit Judges.

BOWMAN, Circuit Judge.

The District Court[1] denied Flossie L. Taylor's claims for disability insurance benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Having carefully considered the record in this case, we affirm. The administrative law judge properly relied on the testimony of a vocational expert that Taylor has transferable skills, and the denial of her claims is based on correct legal standards and is supported by substantial evidence on the record as a whole.

The concurring and dissenting opinion of Judge Gibson, which expresses disagreement with the administrative decision denying SSI benefits to Taylor, takes the position that a vocational expert, in determin-ing that a claimant has transferable skills, cannot consider prior work experience unless it constituted substantial gainful activity. We do not understand this to be the law. The only authority Judge Gibson cites on this point is 20 C.F.R. § 416.965(a), which gives some support to his position but, as we read it, does not have the preclusive effect he would assign to it. The provision reads in its entirety as follows:

(a) *General. Work experience* means skills and abilities you have acquired through work you have done which show the type of work you may be expected to do. Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity. We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that remote work experience is not currently applied. If you have no work experience or worked only *off-and-on* or for brief periods of time during the 15-year period, we generally consider that these do not apply. If you have acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other skilled or semi-skilled work that you can now do. If you cannot use your skills in other skilled or semi-skilled work, we will consider your work background the same as unskilled. However, even if you have no work experience, we may consider that you are able to do unskilled work because it requires little or no judgment and can be learned in a short period of time.

20 C.F.R. § 416.965(a) (1991). (Emphasis in original.) We do not perceive anything in

---

**1.** The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

this general language that precludes an administrative law judge, in the exercise of his or her discretion in a particular case, from propounding a hypothetical question that includes past work experience that fell short of substantial gainful employment, or that bars a vocational expert from considering such past work experience in determining a claimant's ability to do other work using skills acquired in the past work.

Here, based on a hypothetical that included, *inter alia,* Taylor's work experience during the preceding fifteen years (including past relevant work that did not amount to substantial gainful employment), a vocational expert testified that plaintiff could perform her former work as a mail sorter and short order cook "as she [had] performed them." Hearing Transcript at 34, *reprinted in* Record on Appeal at 60. The vocational expert also testified, based on the same hypothetical and the skills Taylor acquired as a short order cook, that she additionally had the ability to work as a short order cook II, food assembler, and deli cutter-slicer.[2] *Id.* at 35, *reprinted in* Record on Appeal at 61.

As Taylor's former work as a mail sorter and short order cook did not constitute substantial gainful employment, and as the vocational expert opined that Taylor could not perform those jobs as generally performed in the national economy, the ALJ found, applying 20 C.F.R. § 416.965(a), that she could not perform those jobs. However, considering the vocational expert's testimony as to the other jobs Taylor could do, the ALJ further found that she had acquired transferable skills and had the ability to perform the other jobs identified by the vocational expert as being within her capacity. We see no flaw in the ALJ's reasoning, and we find it to be consistent with our reading of section 416.965(a). *See also* 20 C.F.R. § 416.968(d)(1) (1991). In short, we are satisfied this Court has no proper basis for setting aside the ALJ's

determination that Taylor has the ability to do work as a short order cook II, food assembler, and deli cutter-slicer.

Accordingly, the decision of the District Court sustaining the Secretary's denial of Taylor's claims is affirmed.

JOHN R. GIBSON, Circuit Judge, concurring and dissenting.

I concur in the denial of Taylor's disability insurance claim. Review of Taylor's disability claim for the period of time prior to the Secretary's final decision on her 1980 application was barred as Taylor did not seek judicial review of the Secretary's decision, *see White v. Sullivan,* 901 F.2d 94, 95 (8th Cir.1990) (per curiam), and furthermore, because Taylor's insured status expired on June 30, 1981, she can no longer assert a disability insurance claim for any period of time. *See Glassman v. Sullivan,* 901 F.2d 1472, 1474 (8th Cir.1990).

As to Taylor's entitlement to SSI, I respectfully dissent from the majority.

From 1974 until 1977, Taylor worked as a laborer at an iron foundry. In March 1977, she stopped working after she experienced severe chest pains on the job. Since that time, she has had only sporadic employment as a cook, a hotel housekeeper, and a mail sorter.

At the hearing to consider both her applications for disability insurance benefits and SSI, Taylor testified that she had suffered from arthritis for approximately ten years, and hurt all over, including her head, arms, feet, knees, from her elbow to her hand, and in her chest and jawbone. She also testified she occasionally has pain in her middle and lower back, which goes down both her legs and into her feet and toes. In addition, she stated she has problems with hypertension and allergies, which are somewhat controlled by medication. She described her pain as a sharp, hurting pain which she has all the time. She testified

---

**2.** According to the Department of Labor, the preparation time required to learn the jobs identified by the vocational expert is from thirty days to three months. U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles* at

84, 96, 330–31, 473 (1981). As Taylor worked as a short order cook for approximately five months, Work Activity Report (May 14, 1987), *reprinted in* Record on Appeal at 372, the vocational expert's testimony is consistent with the Dictionary of Occupational Titles.

she could walk about four or five blocks at a time before getting stiff and hurting all over. She felt she could stand for about one hour before her legs would get tired, and stated she could bend to a point, and could stoop or squat "some." She described some problems with using her hands, and stated she could not lift or carry groceries, but could probably pick up a ten pound weight, although not repetitively. Sitting for more than forty-five minutes at a time bothered her, and she felt she would not be able to push or pull anything that was heavy. Her daily activities included watching television, listening to the radio, walking a few blocks, reading, and doing chores around her apartment. Three hypothetical questions were posed to a vocational expert.

In the first, the assumptions were that Taylor was fifty years old, with past relevant work experience which included her sporadic employment after 1977 and a job as a coil winder; that she had the residual functional capacity to lift up to twenty pounds and routinely lift up to ten pounds, with no continuous bending or kneeling; and that she should avoid exposure to extreme dust, grass, or pollen. Under the first set of assumptions, the expert stated that Taylor could return to her jobs as a mail sorter, coil winder, or short-order cook as she had actually performed them, but could not work as a mail sorter or cook as these jobs are performed in the national economy; furthermore, Taylor could not work as a laborer, either as she had performed that job or as it is generally performed.

In hypothetical two the ALJ asked the vocational expert to assume that Taylor's impairments would permit her to lift up to twenty pounds, ten pounds routinely, absent continuous bending, stooping, repetitive twisting of the neck, continuous kneeling, climbing, and repetitive work with the arms overhead. The expert's response was essentially the same as to the first hypothetical with the added exclusion of work as a housekeeper. The expert also named a few low level, semiskilled, light positions (i.e., short order cook II, food assembler, deli cutter-slicer) in the food service industry to which Taylor would have transferrable skills.

In hypothetical three the ALJ instructed the vocational expert to assume Taylor's impairments would permit her to lift no more than ten pounds, stand no more than one hour at a time, sit no more than forty-five minutes at a time, with the need to alternate between sitting and standing at will, and walk no more than four to five blocks at a time, with no repetitive bending, stooping, twisting of the neck, squatting or kneeling, climbing, repetitive firm gripping, or exposure to extreme heat, dust, fumes, or grass. The expert opined that under these circumstances, Taylor would not be able to perform any of her past jobs, either as she performed them or as they are generally performed, and that none of the skills she acquired in her past jobs would transfer to other jobs within her capacity.

With respect to the SSI claim, the ALJ found that Taylor had not engaged in substantial gainful activity since 1977 when she stopped working as a laborer at the iron foundry, adopting an earlier finding by the Social Security Administration that the short periods of work Taylor engaged in thereafter did not constitute substantial gainful activity. The ALJ also found that the medical evidence established Taylor suffered from degenerative arthritis involving the cervical and lumbar spine and knees, allergic rhinitis, and controlled hypertension. According to the ALJ, these impairments limited Taylor's ability to lift, carry, and handle objects; to bend, twist, kneel, climb, or stoop repetitively; to twist her neck or perform repetitive work with her arms overhead; and to work in environments where she would be exposed to dust, grass, or pollens; but they did not meet or equal in severity any of those described in the Listing of Impairments. The ALJ reviewed the medical evidence submitted and Taylor's testimony, and concluded that under *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984) (subsequent history omitted), Taylor's complaints of disabling pain were not credible to the extent alleged. In the ALJ's opinion, the second hypothetical

question posed to the vocational expert accurately reflected Taylor's capabilities. Then, giving Taylor "the benefit of the doubt," and assuming she could no longer perform any of her past jobs, the ALJ noted that based upon the second hypothetical question, the expert identified other jobs existing in the national economy that Taylor could perform. Accordingly, she could not be considered disabled. The Appeals Council declined Taylor's request for review and Taylor sought review in district court.

The court determined that substantial evidence in the record supported the ALJ's credibility findings and conclusion that Taylor was not disabled. Accordingly, the court affirmed the denial of SSI. This appeal followed.

Our review of a social security case is limited to a determination of whether the Secretary's final decision is supported by substantial evidence. *Hutsell v. Sullivan,* 892 F.2d 747, 748–49 (8th Cir.1989). "[T]his standard of review involves more than a mere search for evidence supporting the Secretary's findings. We must examine all of the evidence on the record, and take into account whatever fairly detracts from its weight." *Delrosa v. Sullivan,* 922 F.2d 480, 484 (8th Cir.1991) (cited cases omitted).

I believe Taylor's decisive argument is that the ALJ improperly determined she could perform jobs other than her past relevant work on the basis of incomplete hypotheticals posed to the vocational expert. Taylor argues that the third hypothetical more accurately reflected her capabilities than the second hypothetical, upon which the ALJ relied. The vocational expert opined that under the circumstances described in hypothetical two there were jobs Taylor could still perform, but under hypothetical three there were not. Hypothetical three contained more details about Taylor's complaints. The main difference between the two hypotheticals, however, concerned the effect the described impairments would have on Taylor's ability to work.

"The law is clear that 'hypothetical questions posed to vocational experts ... should precisely set out the claimant's particular physical and mental impairments.' If the question is inadequate, the response to it is not substantial evidence sufficient to uphold the ALJ's decision." *Greene v. Sullivan,* 923 F.2d 99, 101 (8th Cir.1991) (quoted case omitted). The ALJ's reliance on hypothetical two apparently was tied to his evaluation of Taylor's allegations of pain. Immediately after discrediting the severity of the pain alleged, the ALJ stated "[t]he greater weight of the evidence establishes claimant is capable of lifting or carrying up to 20 pounds, frequently lifting or carrying ten pounds, and occasionally bending or stooping, with restrictions on twisting her neck, kneeling or climbing, working with her arms overhead, and avoiding dust, grass and pollens." ALJ's opinion at 5.

Even if the ALJ properly discredited Taylor's allegations of pain, it does not necessarily follow that she retains the residual functional capacity to perform the type of work described in hypothetical two. The ALJ's opinion is devoid of any reasoning to support his conclusion that Taylor can lift up to twenty pounds, etc., other than the fact that he did not believe her pain was as severe as alleged. More troubling is that the ALJ, in all three hypotheticals, asked the expert to assume that Taylor's past relevant work included her jobs as a cook, a hotel housekeeper, a mail sorter, and a coil winder. On the basis of this assumption the vocational expert found that Taylor had acquired skills, particularly from her job as a cook, that would be transferable to other jobs, namely, short-order cook II, food assembler and deli cutter-slicer, all semiskilled positions.

The ALJ found, however, that none of these jobs, which were all held after Taylor stopped working as a laborer at the iron foundry, constituted substantial gainful activity. *See* ALJ's opinion at 2. Accordingly, it was error for the ALJ to direct the vocational expert to consider these jobs as past relevant work. *See* 20 C.F.R. § 416.-965(a) (prior work experience will be considered when it was done within last fifteen years, lasted long enough to learn the job,

and was substantial gainful activity). The ALJ's conclusion, in turn, that Taylor can work in the named jobs in the food service industry, is not supported by substantial evidence.

Thus, I believe we are left with a claimant of advanced age, who has a limited education, and only unskilled past relevant work, which she can no longer perform. Assuming the ALJ's conclusion that Taylor can lift up to twenty pounds, ten pounds frequently (light work—*see* 20 C.F.R. § 416.967(b)), is supported by substantial evidence, and that the Guidelines can be applied, Rule 202.01 of the Guidelines would direct a finding that Taylor is disabled.

*Frey v. Bowen,* 816 F.2d 508, 512–513 (10th Cir.1987), discussed the regulations governing the application of the Guidelines when a claimant has both exertional and nonexertional impairments. *Frey* stated that in such cases "the Secretary's regulations mandate that the grids be applied first, to determine whether the claimant is disabled by reason of the exertional impairments alone," citing 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(e)(2).[3] *Id.* at 513. The court reversed and remanded for an award of benefits because the claimant, who had significant nonexertional impairments including pain, was conclusively disabled under Rule 201.14 of the Guidelines. *Id.* at 517–18. The court noted that nothing would be gained by remanding for further administrative proceedings, which would only delay a long-overdue receipt of benefits. *Id.* at 518.

When the Guideline most applicable to the claimant directs a finding of *disabled,* section 200.00(e)(2) indicates that the analysis should end, whether or not the claimant has a significant nonexertional impairment. *Cf. Ellison v. Sullivan,* 921 F.2d 816, 821–22 (8th Cir.1990) (ALJ's conclusion, based upon vocational expert's testimony that there were other jobs claimant could perform, not supported by substantial evidence where expert's testimony was based upon false assumption regarding claimant's residual functional capacity; no discussion of applicability of section 200.00(e)(2)).

I do not believe that the ALJ's conclusion that Taylor can perform jobs as a short-order cook, food assembler, and a deli cutter-slicer can stand because it was based upon a false assumption that Taylor had transferable skills from her past relevant work. *See Key v. Sullivan,* 925 F.2d 1056, 1062–63 (7th Cir.1991). Consequently, I would remand for an award of SSI benefits in accordance with sections 200.00(e)(2), 202.00(c), and Rule 202.01.

---

3. Given Taylor's limitation to light work, and her age, educational background, and past work experience, Rule 202.01 directs a finding of disabled. *See also* Section 202.00(c) (limitation in vocational adaptability represented by functional restriction to light work warrants a finding of disabled for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience).