Homer H. SANDERS, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Appellee.

No. 92–1847.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1992.

Decided Dec. 15, 1992.

Frederick S. Spencer, Mountain Home, AR, for appellant.

Rebeeca L. Rome and Joyce Shatteen, Dept. of Health and Human Services, Dallas, TX, for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BEAM, Circuit Judge.

Homer H. Sanders appeals the judgment of the district court affirming the Secretary's denial of social security disability benefits. We reverse and remand for further proceedings.

Following a hearing, the ALJ determined that the medical evidence established that Sanders had severe hypertension, which could be controlled by medication, generalized arthritis, somatoform pain disorder, and dysthymia. He found that Sanders's subjective allegations of severe pain, weakness, nervousness, and physical limitations were not credible to the extent alleged. The ALJ found that Sanders could not perform his past relevant work as a farmer or factory worker, but that he had the residual functional capacity to perform sedentary work.[1] Based on Sanders's exertional capacity for sedentary work, his age (younger individual), education (high school graduate), and lack of transferable work skills, the ALJ stated that the Medical–Vocational Guidelines (the Guidelines) would direct a conclusion of "not disabled." The ALJ found Sanders's residual functional capacity for the full range of sedentary work was reduced by his inability to perform detailed or complex work because of the increased work stresses involved. However, the ALJ determined that Sanders's capacity for the full range of sedentary work was not significantly compromised by his nonexertional limitations, because work-related stresses would be minimized in an unskilled, entry level job that would not require complex or detailed work activity. Therefore, using the Guidelines as a framework for decisionmaking, the ALJ concluded that Sanders was not disabled. The Appeals Council declined review. The district court affirmed the Secretary's decision and this appeal followed.

Because the ALJ determined that Sanders was unable to return to his past relevant work, the burden shifted to the Secretary to show that Sanders was able to engage in work in the national economy. *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc). The ALJ used the Guidelines as a framework for his decision that Sanders was not disabled, without resorting to vocational expert testimony. "[A]n ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Thompson v. Bowen*, 850 F.2d 346, 349–50 (8th Cir.1988). However, if the claimant's nonexertional impairments diminish his or her residual functional capacity to perform the full range of activities listed in the Guidelines, the Secretary must produce expert vocational testimony or other similar evidence to establish that there are jobs available in the national economy for a person with the claimant's characteristics. *Id.* at 349. "Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen*, 837 F.2d 825, 827 n. 2 (8th Cir.1988). Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See* 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 200.-00(e) (1992).

We conclude that Sanders's nonexertional impairments are significant enough to diminish his residual functional capacity to perform the full range of work contemplated by the Guidelines. Dr. Adam T. Brazas, a consulting psychologist, diagnosed somatoform pain disorder and dysthymia, and warned that stress would likely exacerbate Sanders's somatic complaints. The ALJ did not require further

---

**1.** Sedentary work requires sitting, occasional walking and standing, and lifting no more than ten pounds. 20 C.F.R. § 404.1567(a) (1992).

psychological or vocational testing, but determined that work-related stresses would be minimized in an unskilled entry-level job. We believe the ALJ's determination invaded the province of the vocational expert. Further, neither the ALJ nor the district court addressed the environmental restrictions that Dr. Krishna Reddy placed on Sanders's ability to work. Dr. Reddy, a consulting physician, recommended restricting Sanders's exposure to heights, temperature extremes, dust, fumes, and humidity. Although most unskilled sedentary jobs probably do not involve exposure to these conditions, this court has held that such a determination is improper without the benefit of further testimony such as that of a vocational expert. *Asher*, 837 F.2d at 828 (Secretary improperly determined, without benefit of expert vocational testimony, that majority of unskilled sedentary jobs in the national economy take place in a pollution-free environment). In addition, Dr. Reddy assessed that Sanders would be limited in his ability to handle objects and that his slight hearing loss would affect his ability to hear low voices. Both of these conditions could limit the unskilled, sedentary jobs which Sanders could perform. We conclude that a vocational expert is needed to consider Sanders's physical, mental, and environmental impairments in combination, and to testify as to whether there is work in the national economy which a person with Sanders's impairments can perform.

Accordingly, we reverse and remand to the Secretary for further proceedings.