Donald BAUER, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 94–2671.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 6, 1995.

Decided April 27, 1995.

**918**

Philip R. Reitan, Mankota, MN, for appellant.

Kelly Rausch Larson, Chicago, IL, for appellee (David L. Lillehaug and Donna Morros Weinstein, on the brief).

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

In April 1991, Donald E. Bauer applied for Social Security disability insurance benefits and supplemental security income, claiming he became disabled on August 1, 1989, as a result of back injuries. His application was denied initially and on reconsideration, and Bauer requested a hearing before an Administrative Law Judge (ALJ). Following the September 1991 hearing, at which Bauer was represented by counsel, the ALJ found that he was not disabled, and the Secretary's Appeals Council denied review. Bauer then sought judicial review and now appeals the district court [1] judgment affirming the Secretary's decision that he is not disabled. We affirm.

Bauer had low back surgery in 1976 and returned to work two years later. In 1986, he reinjured his back doing heavy lifting as a screw machine operator in Illinois. In August 1989, he quit his last job as saw operator for a boat trailer manufacturer and moved to rural Minnesota. Bauer claims he has not sought work since 1989 because of constant, debilitating pain from a degenerative back condition. He first sought treatment for his present condition in February 1990.

The ALJ found (i) that Bauer has "severe physical impairments of a spinal disorder of the lower back" with degenerative disc and joint disease, but that this condition does not meet or equal a listed impairment; (ii) that Bauer's complaints of pain are credible to the extent that his back condition causes "some discomfort and limitations," but his complaint of total disability is not credible "in light of significant inconsistencies in the record"; and (iii) that Bauer cannot perform his past relevant work at the medium exertional level but retains the residual functional capacity to perform some light work, though not the full range of light work. The ALJ concluded that Bauer is not disabled, based on a vocational expert's testimony that there are significant numbers of jobs in the national economy which Bauer could perform because he has transferable skills. *See* 20 C.F.R. § 404.1568(d).

Following the ALJ's adverse decision, Bauer consulted two additional physicians and a chiropractor, seeking medical evidence to rebut the ALJ's findings. He then requested review by the Appeals Council, submitting these additional medical reports as new and material evidence under 20 C.F.R. § 404.970. The Appeals Council considered this additional evidence and denied review, concluding that it "is essentially the same as that contained in other reports which were considered" by the ALJ. Bauer then sought judicial review. The district court granted summary judgment in favor of the Secretary, concluding that the ALJ's decision is supported by substantial evidence on the record before the ALJ, and that the additional medical evidence submitted to the Appeals Council "constitutes mere rebuttal evidence [that] would do little more than add to the inconsistencies in the record."

On appeal, Bauer first argues that the Secretary's decision is not supported by substantial evidence on the record before the

1. The HONORABLE PAUL A. MAGNUSON, Chief Judge of the United States District Court for the District of Minnesota, adopting the Report and Recommendation of the HONORABLE JONATHAN G. LEBEDOFF, United States Magistrate Judge for the District of Minnesota.

ALJ because the ALJ did not properly analyze Bauer's subjective complaints of pain, because there was inadequate proof that Bauer has transferable work skills and therefore the ability to do work other than his past relevant work, and because the ALJ based his decision on an improper hypothetical question to the vocational expert. After careful review of the record, we agree with the district court (1) that the ALJ's decision is supported by the medical evidence submitted at the hearing, consisting of reports by the physicians and hospital that evaluated Bauer's condition in 1990 and 1991; (2) that the ALJ's finding that Bauer's subjective complaints are only partially credible is supported by the record and is based upon an analysis consistent with the requirements of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984); (3) that the ALJ's hypothetical question to the vocational expert properly included Bauer's impairments as found by the ALJ; and (4) that the vocational expert's uncontradicted testimony of transferable skills fully supports the ALJ's residual functional capacity findings.

■ Bauer also argues that the post-hearing medical evidence he submitted to the Appeals Council requires us to remand for reconsideration by the ALJ. Because the Appeals Council considered this evidence material, we must consider it as part of the substantial evidence equation. *See Mackey v. Shalala*, 47 F.3d 951 (8th Cir.1995). In those mid-1992 reports, a chiropractor opined that Bauer has "extensive degenerative joint syndrome throughout his spine," a physician opined that Bauer shows "an enormous amount of degenerative osteoarthritis," and another physician recommended that Bauer be considered temporarily totally disabled until he receives a thorough back disability evaluation.

We agree with the district court that this rebuttal medical evidence does not undermine the ALJ's decision. First, the evaluations and conclusory opinions of these consultants must be discounted to the extent that they were based on the same subjective complaints of pain that the ALJ had found, after proper analysis, to be in part not credible. Second, as the district court observed, even if

these later medical evaluations were inconsistent with the earlier reports of other physicians, there is still substantial evidence from the earlier reports to support the ALJ's decision. Third, because Bauer suffers from degenerative back and arthritic conditions, he may well have been more severely impaired in mid–1992 than he was in 1990 or 1991. The issue in this proceeding is whether he was disabled on August 1, 1989. Thus, the earlier medical evidence is more relevant.

The judgment of the district court is affirmed.

McMILLIAN, Circuit Judge, dissenting.

I respectfully dissent. Because I disagree with the Appeals Council's characterization of the new evidence as "essentially the same as that contained in other reports" considered by the ALJ, I would remand this case to the Secretary for reconsideration.

In *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir.1994), this court held

[o]nce it is clear that the Appeals Council has considered newly submitted evidence, ... our role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g.*, [*Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)], and *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992). Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing.

The newly submitted evidence in the present case noted that Bauer had sciatic neuritis and muscle spasms, conditions which were not noted in the medical evidence before the ALJ. This evidence contradicts the ALJ's statements that no medical report confirmed that Bauer had sciatica. The new evidence also explained that adverse reactions prevented Bauer from continuing to take his previously prescribed medication; Bauer's failure to continue taking this medication was a factor cited by the ALJ in discounting his

subjective complaints of pain. Moreover, I am not persuaded by the Secretary's arguments for discounting the new evidence. First, although the additional evidence appears to have been obtained for the purpose of rebutting the ALJ's decision, the evidence nonetheless supported Bauer's claim of a disabling condition. Further, although the chiropractor's medical assessment is entitled to little weight because he is not an "acceptable medical source" under 20 C.F.R. § 404.1513(a), we may consider his opinion of how Bauer's impairment affected his ability to work. *See Cronkhite v. Sullivan,* 935 F.2d 133, 134 (8th Cir.1991) (per curiam); 20 C.F.R. § 404.1513(e). The new evidence also includes a physician's assessment that Bauer was incapable of most activities. Because the new evidence casts sufficient doubt on some of the ALJ's findings, I would reverse and remand to the district court with instructions to remand to the Secretary for consideration of the new evidence.