748 F.2d 352
 7 Soc.Sec.Rep.Ser. 256, Unempl.Ins.Rep. CCH 15,620
Rita DeRIENZIS, Plaintiff-Appellant,
v.
Margaret HECKLER, Secretary of the United States Department
of Health and Human Services, Defendant-Appellee.
 Cal. No. 30, Docket 84-6118.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 20, 1984.
Decided Nov. 19, 1984.
 
 Charles Robert, Hempstead, N.Y. (Steven P. Lerner, Robert & Schneider, Hempstead, N.Y., of counsel), for plaintiff-appellant.
 Winstanley F. Luke, Asst. U.S. Atty., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel, Miles M. Tepper, Anne E. Stanley, Asst. U.S. Attys., Brooklyn, N.Y., of counsel), for defendant-appellee.
 Before VAN GRAAFEILAND and CARDAMONE, Circuit Judges, and MacMAHON, District Judge*.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Eastern District of New York (Altimari, J.) which followed the granting of the Secretary of Health and Human Services' motion for judgment on the pleadings and, in effect, affirmed the Secretary's denial of appellant's claim for Social Security disability insurance benefits. We vacate with instructions to remand to the Secretary for further consideration.
 
 
 2
 On June 30, 1980, appellant Rita DeRienzis filed a claim for disability benefits, alleging a June 6, 1980 onset of disability. The Secretary's initial denial, dated August 14, 1980, was based on the conclusion that the medical evidence did not reveal a severe impairment precluding appellant from engaging in work-related activities without restriction. Appellant's request for reconsideration was denied on October 14, 1981 on the grounds that there was no medical evidence of disability and appellant had returned to work in January of 1981 in a Comprehensive Employment and Training Act (CETA) program, see 29 U.S.C. Sec. 801 et seq., earning approximately $569.75 a month. This was considered to be "substantial gainful activity" under 42 U.S.C. Sec. 423(d)(1)(A). At the request of appellant's counsel, a hearing was held on July 13, 1982, and, in a decision dated September 17, 1982, appellant's claim for disability benefits again was denied. Appellant's request for review by the Appeals Council was denied on February 16, 1983, and appellant commenced her district court action on April 21, 1983.
 
 
 3
 The medical evidence of physical and mental disability introduced at the hearing was sufficiently conflicting that, standing alone, it arguably could support a finding either for or against appellant. However, the medical evidence did not stand alone. It is clear that, in rejecting appellant's claim of disability, the ALJ was strongly influenced by what he considered to be appellant's employment record. Although appellant claimed to have been disabled since June 6, 1980, the ALJ found that she had worked as a clerical aide for New York City's Department of Buildings from February through June 1981 under a federally sponsored CETA program and that she then worked until November 1981 under another CETA program. After that, appellant worked for the Girl Scouts until February 1982, when she was discharged because her work was unsatisfactory. The ALJ found that all of this work constituted substantial gainful activity for Social Security purposes, and that appellant's impairments did not preclude her performance of substantial gainful activity for a continuous period of 12 months at any time between June 1980 and September 17, 1982, the date of the ALJ's decision.
 
 
 4
 Placing heavy reliance on City of New York v. Heckler, 578 F.Supp. 1109 (E.D.N.Y.1984), appellant asserts that she is a member of the class of mentally impaired claimants held entitled in that case to redetermination of their Social Security disability claims, or, in the alternative, that the case is persuasive support for her position by analogy. Appellant's reliance is misplaced. City of New York v. Heckler addressed the circumstances of those Social Security disability claimants who, although determined by the Secretary to be severely mentally impaired, were deemed capable of substantial gainful employment on the basis of what the court termed "bureaucratic" assessment methods. Id. at 1124. Since appellant has not been found to be severely mentally impaired, she is neither a class member nor a victim of the invalidated assessment procedure. Nonetheless, she is entitled to redetermination of her claim.
 
 
 5
 The Social Security regulations require ALJs to follow a sequential procedure in evaluating disability claims. Burkhalter v. Schweiker, 711 F.2d 841, 843 (8th Cir.1983). As a first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity, and if he or she is, benefits must be denied regardless of the claimant's medical condition. 42 U.S.C. Sec. 423(d)(1)(A); 20 C.F.R. Sec. 404.1520(b). As used in these sections, the term "substantial gainful activity" means the performance of substantial services with reasonable regularity in some competitive employment. Markham v. Califano, 601 F.2d 533, 534 (10th Cir.1979); Cornett v. Califano, 590 F.2d 91, 94 (4th Cir.1978); Zimbalist v. Richardson, 334 F.Supp. 1350, 1355 (E.D.N.Y.1971).
 
 
 6
 The purpose of CETA was to establish a program for providing manpower services. 29 U.S.C. Sec. 811. The program was intended to include "the training, education, and other services needed to enable individuals to secure and retain employment at their maximum capacity." Id. A letter from the director of the CETA training program in which appellant was enrolled states that she was a student, not an employee. Activities in the nature of therapy or school attendance generally are not considered to be substantial gainful activities. 20 C.F.R. Sec. 404.1572(c). Moreover, earnings that are not directly related to a claimant's productivity generally are not treated as income for purposes of determining disability, nor are those portions of earnings that are in the nature of subsidies. 20 C.F.R. Sec. 404.1574(a)(2). When work is subsidized, the ALJ must investigate to see how much the claimant's work is worth. Id.
 
 
 7
 A claimant working in a sheltered environment may or may not be earning what he or she is paid. 20 C.F.R. Sec. 404.1574(a)(3). Although earnings in such an environment that average more than $300 a month ordinarily will be considered to show engagement in substantial gainful activity, 20 C.F.R. Sec. 404.1574(b)(2)(vi), such evidence is not conclusive. See Van Horn v. Heckler, 717 F.2d 1196, 1199-1200 (8th Cir.1983). A knowledgeable decision as to whether appellant's activities in what appears to be a sheltered environment are the equivalent of services performed in a competitive environment requires a more searching inquiry than was made by the ALJ to determine to what extent, if any, claimant's earnings were related to her productivity.
 
 
 8
 The judgment of the district court is vacated. The district court is directed to remand the case to the Secretary for a more comprehensive investigation and more complete findings concerning whether appellant's participation in the CETA program constituted substantial gainful activity under the Act.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation