Emil SUCIU, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 84–1595.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 18, 1985.

Decided Feb. 20, 1985.

Mark A. Mancini, Wasserman, Mancini, Elliot & Chang, Washington, D.C., for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., Civil Division, Allen W. Hausman, Asst. Director, Hilary S. Molay, Office of Immigration Litigation, Civil Division, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Emil Ovidiu Suciu, who came to this country from Romania in 1969, petitions for review of an order of the Board of Immigration Appeals. The Board held that Suciu had stayed in this country beyond the time permitted by his student visa, and that he is therefore deportable. The Board also considered requests by Suciu for various forms of discretionary relief from deportation. See 8 U.S.C. §§ 1255(a), 1254(a)(2), 1253(h)(1) (1982). As to each of these forms of discretionary relief, the Board, affirming findings made by an Immigration Judge, found that the specific statutory criteria (for example, residence in this country for a fixed period of time) had been met. It nevertheless denied relief, in the exercise of its discretion, on the basis of certain "non-record" material with national-security implications. Deportation was therefore ordered, unless petitioner chose to avail himself, by a date certain, of the privilege of voluntary departure.

Consideration of non-record material, not disclosed to the petitioner, is expressly authorized by regulation, 8 C.F.R. § 242.17(a), (c) (1984). Petitioner argues that it is fundamentally unfair to use against him material of which he knows nothing and which he has no opportunity to rebut. Such a practice, he says, deprives him of liberty without due process of law, in violation of the Fifth Amendment. As a matter of fairness and logic, the argument has considerable appeal, but it is foreclosed by authority. The Supreme Court has expressly upheld, against just such a constitutional challenge, a predecessor regulation, one that, as a matter of fact, is even less favorable to petitioner than the present version. *Jay v. Boyd,* 351 U.S. 345, 357 n. 21, 360–61, 76 S.Ct. 919, 926 n. 21, 928, 100 L.Ed. 1242 (1956).

Petitioner also contends that the Board failed to follow its own regulation, and certainly agencies of the federal government, once they have laid down procedures by regulation, are bound to follow them. The regulation involved here provides, in pertinent part, that the "general nature" of any non-record material considered should be disclosed to the alien involved if the information and its source can be safeguarded despite such general disclosure. Petitioner argues that the Immigration Judge in his case never made the requisite finding that disclosure even of the "general nature" of the *ex parte* information would place either the information itself or its source in jeopardy. We agree that the opinion of the Immigration Judge leaves something to be desired in terms of precision and clarity, but having carefully read the entire opinion, as well as the affirming opinion of the Board of Immigration Appeals, we are persuaded that the Immigration Judge and the Board substantially complied with their regulation. The Immigration Judge found in substance that it would be impossible to safeguard the information and its source if even its "general nature" were disclosed, and the Board has unequivocally approved this finding.

We nevertheless have both the power and the duty to review the substance of the Board's determination. That is, does the non-record information, all of which has been disclosed to this Court *in camera,* justify the Board's exercising its discretion to deny petitioner the forms of extraordinary relief requested? Our review of such a conclusion is a narrow one. The question is not what we would have done had we been in the shoes of the Immigration Judge or the Board of Immigration Appeals, but rather if what they did was an abuse of discretion. Having examined all of the non-record material in question and having given it our mature consideration, we cannot say that an abuse of discretion has occurred here.

The order of the Board of Immigration Appeals, ordering the deportation of petitioner, is affirmed. It will be for the Board to decide whether to give the petitioner another date by which he may voluntarily depart.

It is so ordered.