909 F.2d 1201
 30 Soc.Sec.Rep.Ser. 580, Unempl.Ins.Rep. CCH 15588A
Calvin R. CARTER, Appellant,
v.
Louis W. SULLIVAN, Secretary of the United States Department
of Health and Human Services, Appellee.
 No. 89-5503.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1990.
Decided July 31, 1990.
 
 John H. Burns, Marshall, Minn., for appellant.
 Donna L. Calvert, Chicago, Ill., for appellee.
 Before LAY, Chief Judge, TIMBERS,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Calvin Carter appeals the denial of his claim for Social Security disability benefits pursuant to 42 U.S.C. Secs. 401-433 (1988). Carter worked for over twenty-five years selling farm equipment parts in an implement dealership in Minnesota. In 1986 he suffered a heart attack and underwent double artery by-pass surgery. After surgery, he could no longer perform the heavy lifting required at his past job. Nevertheless, the Administrative Law Judge (ALJ) found that Carter could return to his past job as generally performed in the national economy. The ALJ based this conclusion on the testimony of a vocational expert, who stated that Carter's job fit the category "salesperson/parts" as described in the Dictionary of Occupational Titles published by the Department of Labor. The dictionary describes this work as "light", and the ALJ determined Carter could perform "light" work. The Appeals Council declined to review the ALJ's decision, and the district court upheld the Secretary's final determination that Carter was not disabled.
 
 
 2
 On appeal Carter argues that the Secretary failed to follow its own regulations in finding him not disabled.[1] The regulations define "light" work as follows:
 
 
 3
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing * * *.
 
 
 4
 20 C.F.R. Sec. 404.1567(b) (1990). The Secretary further interpreted the walking and standing requirement for "light" work in Social Security Ruling 83-10 (SSR 83-10): "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."
 
 
 5
 In this case it is undisputed that Carter can meet the lifting requirements for light work but not the standing or walking requirements. Thus, the Secretary did not follow SSR 83-10 in determining that Carter could return to the job "salesperson/parts." According to Social Security Administration regulations, "Social Security Rulings * * * are binding on all components of the Administration." 20 C.F.R. Sec. 422.408 (1990). This court has previously held that an agency's failure to follow its own binding regulations is a reversible abuse of discretion. City of Sioux City v. Western Area Power Admin., 793 F.2d 181, 182 (8th Cir.1986); cf. Suciu v. Immigration & Naturalization Serv., 755 F.2d 127, 129 (8th Cir.1985) (federal agencies are bound to follow their regulations).
 
 
 6
 In this case the Secretary's failure to follow its own regulations is beyond any question. There is no dispute that Carter cannot meet the requirements of light work as defined in SSR 83-10, and there can be no dispute that SSR 83-10 is binding on the Secretary.[2] See 20 C.F.R. Sec. 422.408. The Secretary's failure to consider its own ruling constitutes a plain abuse of discretion.
 
 
 7
 We vacate the judgment of the district court and remand to the Secretary for a determination whether Carter has the residual functional capacity to perform any other substantial gainful activity, as prescribed in the Social Security Act.
 
 
 
 *
 The HONORABLE WILLIAM H. TIMBERS, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 He also challenges the conclusion that his job fit the category "salesperson/parts." Our disposition of the first issue makes it unnecessary to reach this second one
 
 
 [2]
 The Secretary asserts that the formal definition of "light" work is irrelevant in this case because the ALJ did not in fact rely on the Dictionary of Occupational Titles category to determine Carter could return to his past work as performed in the national economy. Rather, the Secretary argues, the ALJ relied on the Vocational Expert's independent evaluation of Carter's limitations and the demands of his job in the national economy. The Vocational Expert stated, however, that the sole basis for her opinion was her reading of the Dictionary of Occupational Titles. In relying on the vocational witness, therefore, the ALJ as a matter of law was simply relying on the dictionary. As we have said, SSR 83-10 binds interpretation of the exertional requirements of the job categories set for in the dictionary