**Connie L. BAKER, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Appellee.**

**No. 91–1167.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 29, 1991.

Decided Jan. 29, 1992.

Rick Spencer, Mountain Home, Ark., for appellant.

William Cromwell, Asst. U.S. Atty., Fort Smith, Ark., Gayla Fuller, Karen Sharp, and Pamela Wood, Regional Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Connie L. Baker appeals the district court's [1] order affirming the decision of the Secretary of Health and Human Services to deny her application for Supplemental Security Income (SSI) benefits under the Social Security Act, 42 U.S.C. § 1381a. Baker argues that there is not substantial evidence on the record as a whole to support the Secretary's decision. We affirm.

## I.

Baker is 42 years old and has a seventh grade education. In 1969, after working as

---

[1]. The Hon. H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas. Chief Judge Waters' order adopted the report and recommendations of the Hon. Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas.

a seamstress for three years, she was involved in an automobile accident, sustaining a broken hip and pelvis and numerous lacerations on her back and left foot. Since then, she has raised a family and done housework, but otherwise has worked only sporadically as a water meter reader, grocery store clerk, and assembly line worker in a fiberglass boat factory. She has not held a job since 1984.

Baker applied for SSI benefits, claiming that she was disabled as of July 1, 1987 by scoliosis and residual back problems from the 1969 auto accident, and by a mental impairment. The Secretary denied her application both initially and on reconsideration. Following a hearing, an Administrative Law Judge concluded that Baker had a severe combination of impairments, but that these were not presumptively disabling.[2] The ALJ found that Baker retained the residual functional capacity to perform the full range of medium work, including her past relevant work as a grocery store clerk, meter reader, and fiberglass worker in a boat plant.[3] Therefore, she was not disabled.

The Appeals Council reversed and remanded for a new hearing, concluding that the ALJ had not properly considered Baker's allegations of pain as required by *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). A second ALJ then ordered a psychological examination and conducted a second hearing.

The second ALJ concluded that the medical evidence did not support Baker's stated inability to stand more than fifteen or twenty minutes at a time, to sit for more than thirty or forty minutes at a time, or to lift or bend; that Baker's testimony regarding her pain and functional limitations was not credible; that even taking her sub-jective complaints of pain into account, her injuries did not physically impair her to the extent required by the SSI regulations; and that, while Baker's IQ scores were below normal, the psychological examinations revealed no mental retardation or other significant psychiatric disorders. Based upon these findings, the second ALJ concluded, as had the first, that Baker retained the residual functional capacity to perform the full range of medium work, including her prior work, and therefore was not disabled within the meaning of the Social Security Act. The Appeals Council denied Baker's request for further review, and she commenced this action pursuant to 42 U.S.C. § 405(g). The district court granted the Secretary's motion for summary judgment, concluding that the administrative record contained substantial evidence to support the Secretary's decision. This appeal followed.

## II.

This court must affirm if substantial evidence on the record as a whole supports the Secretary's decision. Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions does not prevent an administrative agency's findings from being supported by substantial evidence." *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir.1989), quoting *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966). We must search the record for evidence contradicting the Secretary's decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial. *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir.1991).

---

**2.** A claimant must show that he or she has severe impairment to qualify for SSI benefits. A "severe" impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities...." 20 C.F.R. § 416.920 (1991). If a claimant's severe impairment is part of or medically equivalent to those found on the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (1991), he or she is presumptively disabled. If not, the Secretary then looks at the claimant's residual functional capacity to determine whether or not he or she is disabled.

**3.** Baker does not challenge the ALJ's decision to include all these jobs as past relevant work. We disagree with the dissent's assertion that, under the regulations, a job must have constituted substantial gainful activity to be considered past relevant work. *See Taylor v. Sullivan*, 951 F.2d 878 (8th Cir.1991).

■ To be eligible for SSI benefits, Baker must prove that she is disabled, which is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905 (1991). Given her work and medical history, Baker must show that her severe combination of impairments prevents her from doing her past work. *See* 20 C.F.R. § 416.-920(e). Thus, we must affirm if there is substantial evidence to support the Secretary's finding that Baker has the residual functional capacity to perform her past work. We conclude that there is.

Both ALJs found that Baker can perform the full range of medium work.[4] By her own admission, none of Baker's past jobs ever required her to lift more than ten pounds. Thus, they are properly classified as either light or sedentary work.[5] The medical evidence showed that her only discernible physical impairments are a small degree of lumbar rotoscoliosis and some residual effects of her 1969 auto accident, namely, some scarring on her back and left foot and some muscle atrophy in her lower back. The consulting psychiatrist opined that she has suffered some moderate impairment of her ability to make occupational adjustments, but has a good ability to adjust to jobs that do not involve complex instructions. This evidence, combined with the physician's assessment of her functional capabilities, adequately support the ALJs' findings that she can perform her past jobs.

■ There is also substantial evidence supporting the ALJ's finding that Baker's allegations of pain and pain-related functional limitations are not credible. Under this court's decision in *Polaski v. Heckler*, an ALJ must look at five factors when determining the credibility of the claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. 739 F.2d at 1321–22. An ALJ who determines that the claimant's testimony as to pain is not credible must make specific findings explaining that conclusion. *Ghant v. Bowen,* 930 F.2d 633, 637 (8th Cir.1991).

■ In this case, the ALJ fully considered Baker's allegations of pain and made the requisite findings explaining his conclusion that they were not credible. The ALJ did not dispute that Baker is in some pain, but "[t]he question is not whether [Baker] suffers any pain; it is whether she is fully credible when she claims that her back hurts so much that it prevents her from engaging in her prior work." *Benskin v. Bowen,* 830 F.2d 878, 883 (8th Cir. 1987). The ALJ found that Baker's "virtual lack of medical treatment for the past 15 years, her very limited use of even over the counter analgesics, her poor work record, her daily activities and other inconsistencies in the records [render] the claimant's testimony regarding her pain and functional limitations ... not very credible." After careful review, we conclude that the record supports these findings, and they provide

---

4. Medium work is defined as requiring "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

5. Light work is defined as requiring "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds ... [and] a good deal of walking or standing...." 20 C.F.R. § 404.1567(b). Sedentary work is defined as requiring "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools ... [with a] certain amount of walking and standing often necessary." 20 C.F.R. § 404.1567(a).

We disagree with the dissent's assertion that the ALJ classified Baker's past work as medium work. In addition to finding that Baker can perform medium work, both ALJs found only that her prior work "did not require the performance of work related activities precluded by the [medium work] limitation," not that the prior work was in fact medium work. The regulations expressly provide that "[i]f someone can do medium work, we determine that he or she can also do light and sedentary work," § 404.1567(c).

sufficient reason for discrediting Baker's testimony about pain. *See Dixon v. Sullivan*, 905 F.2d 237 (8th Cir.1990).

We conclude, in light of a record in which the medical evidence is scant and the claimant's testimony about her pain and functioning is fraught with inconsistencies, that the above findings are supported by substantial evidence in the record as a whole and justify the Secretary's decision that Baker is capable of performing her prior work and therefore is not disabled. *See Thomas v. Sullivan*, 928 F.2d 255, 259–60 (8th Cir.1991).

The judgment of the district court is affirmed.

HEANEY, Senior Circuit Judge, dissenting.

I respectfully dissent for the reason that there is not substantial evidence to support the Secretary's findings that Baker retains the residual functional capacity to engage in her past work.

First, the ALJ determined that Baker's past relevant work was classified as "medium" work. 20 C.F.R. § 416.967(c) (1991). Although the ALJ did not state the basis for this finding, it is consistent with the U.S. Department of Labor's classification for grocery store clerk and fiberglass laborer jobs. *See* U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles*, at 74, 202, 473 (1981). The majority, however, has made its own "finding" that Baker's past relevant work is defined as either light or sedentary work based on selected testimony in the record from Baker that she lifted no more than ten pounds. *See* 20 C.F.R. § 416.967(a), (b) (1991). By relying on this testimony, the court, in effect, has rejected other information in the record without explaining why other such testimony is more or less credible. For example, Social Security Ruling No. 83–10, interpreting the walking and standing requirements for "light" work provides: "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday." Soc.Sec.Rep.Serv. 46, 51 (West

Supp.1991). The majority has not evaluated whether Baker could meet this requirement. *See Carter v. Sullivan*, 909 F.2d 1201, 1202 (8th Cir.1990) (per curiam). In addition, Baker testified she did not know the weight of the rollers she lifted in her job at the fiberglass boat company. (Admin.R. at 109.) She also stated she could not return to the shirt factory because she could not sit for the required time, (*Id.* at 77), or carry the load of shirts, (*Id.* at 110.) By determining that Baker's past relevant work was either light or sedentary, the majority has engaged in factfinding, a role this court has stated is reserved for the Secretary. *See O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir.1983).

Step four of the sequential analysis used in Social Security disability determinations requires the ALJ to review the claimant's residual functional capacity and the physical and mental demands of the claimant's past work. *See* 20 C.F.R. § 416.920(e) (1991); *Kirby v. Sullivan*, 923 F.2d 1323, 1327 (8th Cir.1991). It is the duty of the ALJ to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work. The ALJ is then to compare those demands with what the claimant herself is capable of doing before he determines that she is able to perform her past relevant work. *Groeper v. Sullivan*, 932 F.2d 1234, 1238 (8th Cir.1991); *Nimick v. Secretary of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir.1989).

The Social Security Administration explains the ALJ's responsibility in determining a claimant's ability to perform her past relevant work as follows:

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

Soc.Sec. Ruling No. 82–62, Soc.Sec.Rep. Serv. 809, 812 (West 1983).

It is for the ALJ to develop the record to point out any discrepancy between the physical requirements of jobs as they exist in the national economy and the way in which they are actually performed.

In this case the Secretary classified Baker's past relevant work as medium work without any such analysis. To have the residual functional capacity to perform "medium work," an individual must be able to lift or carry up to twenty-five pounds frequently and be able occasionally to lift up to fifty pounds. 20 C.F.R. § 416.967(c) (1991). If the evidence does not support that Baker has the residual functional capacity to perform such work, the burden shifts to the Secretary to prove that she has the residual functional capacity to do other kinds of work and that there are jobs available in the national economy which she can realistically perform. *See Talbott v. Bowen,* 821 F.2d 511, 514–15 (8th Cir.1987). By redefining Baker's past relevant work as light or sedentary, the majority has avoided shifting the burden to the Secretary to determine if there are jobs in the national economy which Baker can perform.

Even assuming the ALJ was incorrect in classifying Baker's work as medium, I do not believe the evidence in the record as a whole supports that Baker can perform her past relevant work, even if defined as light or sedentary work. Baker's employment history consists of three jobs performed for very short periods within the past fifteen years, totaling approximately one year of employment. Although the record does not contain an earnings record, Baker's undisputed testimony was that she worked for two months reading and repairing water meters, four months at a fiberglass boat factory rolling out fiberglass, and seven months as a stocking clerk at a grocery store. She also worked in a Comprehensive Employment and Training Act (CETA) program cleaning roads for an undisclosed period.

The CETA employment and the meter reader jobs should not even be considered as part of her past relevant work. First, under 20 C.F.R. § 416.965(a) (1991), the Secretary considers prior work experience when it was done within the past fifteen years, lasted long enough to learn the job, and constituted substantial gainful activity. According to the Department of Labor, the preparation time required to learn the job of meter reader or repairer (Titles 209.567–010 and 710.684–034) is three to six months. U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles,* at 75, 95, 473 (1981). Thus, Baker's two-month tenure on the job would not have been long enough to be considered prior work experience. Secondly, the CETA job was a training program. Generally, activities in the nature of therapy or school are not considered to be substantial gainful activities. *See* 20 C.F.R. § 416.-972(c) (1991); *DeRienzis v. Heckler,* 748 F.2d 352, 354 (2d Cir.1984).

As for Baker's other jobs, whether defined as medium, light, or sedentary work, Baker testified that she could not continue to perform those jobs. Baker testified that she could not continue working at the grocery store because she had problems bending to lift a ten-pound bag of potatoes. (Admin.R. at 74–75.) She also reported to the consulting physician that although she was laid off at the Ranger Boat Company after three months, she thought it was because she could not do the "rather heavy work in the assembly of boats." (*Id.* at 206.) Neither the ALJ nor the majority point to evidence in the record to show that she can continue to perform those or similar jobs in the national economy.

In my view, the ALJ's reasons for discrediting Baker's complaints of disabling pain are not supported by the record. The ALJ noted that Baker did not receive regular medical treatment. First, Baker testified that she saw three physicians: Dr. Charles Ledbetter, Dr. Bob Aarons, and Dr. Roland Bailey. Baker's medical records from these doctors are not contained in the administrative record. Second, Baker and her mother both testified that she did not go more often to the doctor

or obtain medication because she could not afford to do so. An ALJ must consider a claimant's allegation that she has not used medications because of a lack of finances. *Dover v. Bowen,* 784 F.2d 335, 337 (8th Cir.1986).

The ALJ also noted that Baker's daily activities were not consistent with one who could not engage in her past relevant work. The record does not support such a finding. The ALJ found that Baker did most of the housework, some of the laundry and cooking; raised two children; drove short distances; read the newspaper and the Bible; and watched television. Baker's daily routine, according to her testimony and supported by that of her husband and mother, consisted of washing a few dishes for fifteen or twenty minutes and vacuuming for five or ten minutes before needing to sit down. (Admin.R. at 79–80; 113–16.)

We have often noted that an ability to do light housecleaning or to drive a car does not necessarily indicate an ability to perform gainful employment. *See Easter v. Bowen,* 867 F.2d 1128, 1130 (8th Cir.1989); *Yawitz v. Weinberger,* 498 F.2d 956, 960 (8th Cir.1974) (per curiam). Baker's performance of household duties, during which she must rest every ten or twenty minutes, does not support a conclusion that she is capable of working "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (citation omitted). *See also Thomas v. Sullivan,* 876 F.2d 666, 669 (8th Cir. 1989) (ability to do light housework with assistance, attend church, or visit with friends on phone does not qualify as ability to do substantial gainful activity).

The ALJ also pointed to the lack of objective evidence and diagnoses to support Baker's complaints of pain. Again, this court has cited repeatedly the proposition that the ALJ may not disregard the claimant's complaints of pain solely because the objective medical evidence did not fully support them. *See, e.g., O'Leary,* 710 F.2d at 1342. Here, there is a paucity of objective evidence. The minimal extent to which Baker exerts herself and the simple tasks she performs on a daily basis, however, support her contentions of pain, and does not demonstrate that she can engage in what was previously described as her past work.

Finally, although Baker's mental condition alone is not so severe as to warrant a finding of disability, substantial evidence fails to support the ALJ's finding that her mental condition did not limit her ability to perform the full range of medium work. The consulting psychologist's report states clearly that Baker's ability to make occupational adjustments and personal-social adjustments was "seriously limited, but not precluded." The psychologist reported that Baker's limitations included borderline to low average IQ; difficulty with planning and organizing; possible mental confusion; poor coping skills and poor general adjustment; difficulty with memory; and excessive anxiety in social situations. The psychologist concluded that Baker's physical limitations restricted the amount and type of work she could do. This hardly paints a picture of a person who could perform the full range of medium work. Because there are nonexertional impairments significant enough to diminish the claimant's residual functional capacity to perform the full range of work contemplated by the Medical–Vocational Guideline's categories, the testimony of a vocational expert is required. *See Thompson v. Bowen,* 850 F.2d 346, 350 (8th Cir.1988).

Accordingly, in light of Baker's pain and limited mental ability, both nonexertional impairments, I would remand to the Secretary for further development of the record, including vocational expert testimony as to the existence of work in the national economy which a person with Baker's impairments can perform.