966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Charles CANTRELL, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of the Department of
Health and Human Services, Appellee.
 No. 91-3749.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 19, 1992.
Filed: June 24, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Cantrell appeals the judgment of the district court[1] affirming the Secretary's denial of social security disability and supplemental security income (SSI) benefits. Upon careful review of the record, we affirm.
 
 
 2
 The decision of the Secretary must be upheld if substantial evidence in the record as a whole supports the Secretary's conclusion that Cantrell is not disabled. See Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. Therefore, if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the decision." Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).
 
 
 3
 We conclude that the ALJ properly disregarded Dr. Edgren's opinion that Cantrell was totally disabled. A treating physician's opinion is generally entitled to substantial weight; however, such an opinion is not conclusive in determining disability status, and the opinion must be supported by medically acceptable clinical or diagnostic data. Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989). Dr. Edgren's short report contains mostly medical history and conclusions, with no explanations as to how Cantrell's back ailment impedes his ability to work. Further, "[t]he treating physician rule is premised, at least in part, on the notion that 'the treating physician is usually more familiar with a claimant's medical condition than are other physicians.' " Thomas v. Sullivan, 928 F.2d 255, 259 n.3 (8th Cir. 1991) (quoting Schisler v. Heckler, 787 F.2d 76, 81 (2d Cir. 1986)). Dr. Edgren, who is not an orthopedist, diagnosed Cantrell as having severe lumbosacral discogenic disease and concluded that Cantrell was totally disabled. He reached his conclusion not from an on-going doctor-patient relationship, but from the initial visit.
 
 
 4
 We further conclude that the ALJ gave full consideration to the evidence that was presented relating to Cantrell's subjective complaints of pain and that there was a sufficient basis on which to discount the severity of his complaints and associated restrictions, including his poor work record, his lack of persistence in seeking relief for his symptoms, his taking of prescribed medication without adverse side effects, his performance of medium and heavy work for a number of years following his leg injury, and his treating physician's statement that he can walk without a cane.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri