972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
William E. FREEMAN, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of the Department of
Health and Human Services, Appellee.
 No. 92-1513.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 6, 1992.
Filed: August 10, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William E. Freeman appeals the judgment of the district court[1] affirming the Secretary's denial of social security disability benefits. Upon careful review of the record, we affirm.
 
 
 2
 The decision of the Secretary must be upheld if substantial evidence in the record as a whole supports the Secretary's conclusion that Freeman could perform his past relevant work during the period of 1981 through June 1984, after he stopped working and before his insured status expired. See Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992). The burden is on the claimant to prove that he cannot return to his past work. McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982) (en banc).
 
 
 3
 We agree with the district court that substantial evidence existed to support the finding of the Administrative Law Judge (ALJ) that Freeman could have performed his past relevant work. Freeman produced no medical evidence demonstrating how his residual functional capacity was limited by his cervical problem, and the few existing medical reports during the relevant period contained no restrictions on his activities. We recognize that the medical reports from August 1985 though 1988 reveal that Freeman suffers from a multitude of cardiovascular and respiratory problems, as well as anxiety and depression. However, the subsequent reports are not relevant to Freeman's condition before the expiration of his insured status, because none of the medical reports prior to June 1984 indicated that Freeman ever mentioned or exhibited symptoms of these problems and the subsequent reports do not place these problems within the insured period. Freeman's argument that he did not visit the doctor more frequently during the relevant period because he could not afford to go is contradicted by his twenty-plus visits to the VA Medical Center from August 1985 to May 1988, when, by his own testimony, he started having "severe trouble."
 
 
 4
 We conclude that the ALJ gave full consideration to the evidence that was presented relating to Freeman's subjective complaints of pain during the relevant period, and there was a sufficient basis on which to discredit his complaints, including the lack of objective medical findings, his lack of persistence in seeking relief for his symptoms, and the lack of functional restrictions placed on him.
 
 
 5
 We further conclude that the ALJ properly disregarded Dr. Stevens's 1988 report, which diagnosed a mental impairment, and Dr. Arnold's 1988 finding of disability. As stated previously, these reports are not relevant to Freeman's condition before the expiration of his insured status, as neither report indicates its findings refer back to that period. Because the relevant medical reports indicate only one impairment-Freeman's neck problem-we find no merit to Freeman's argument that the ALJ failed to evaluate the combined effect of his impairments. We also find no merit to Freeman's argument that the ALJ failed to make specific findings, as the ALJ's decision contains specific factual findings as to each step in the analysis.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, deciding the case pursuant to agreement of the parties