975 F.2d 866
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Vernon GALLAGHER, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Appellee.
 No. 92-1516.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 28, 1992.
Filed: September 3, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vernon Gallagher appeals from the final judgment entered in the district court[1] upholding the Secretary's decision to deny his applications for disability insurance benefits and supplemental security income (SSI). For reversal Gallagher argues that the ALJ erred in asking a vocational expert a defective hypothetical question-a question that requested the VE to "assume" that Gallagher had the residual functional capacity to perform light work and that failed to set forth Gallagher's precise impairments. He also argues that the ALJ's conclusion that he was not disabled was not supported by substantial evidence. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Nothing in the record prior to December 1981 supports Gallagher's claim for disability insurance benefits, and he was not entitled to these benefits after that date because of the expiration of his insured status. Also, the record does not support Gallagher's SSI claim. See Baker v. Secretary of Health and Human Servs., 955 F.2d 552, 554 (8th Cir. 1992) (court must affirm if substantial evidence on record as a whole supports Secretary's decision).
 
 
 3
 The clinical evidence established that Gallagher had degenerative disc disease of the lumbar spine, impaired vision in his left eye, gastritis, knee and bowel problems, and a number of dysfunctional personality characteristics. There was no indication, however, that these conditions were disabling. Gallagher's degenerative changes were reported as being minimal and normal for his age. Gallagher's gastritis and bowel problems appeared to resolve with adequate treatment and medication. Gallagher had limited vision in his left eye, but there was no indication that the vision in his right eye was impaired. Although Dr. Shelton believed Gallagher was "disabled for physical labor," Dr. Nguyen determined that he had no "chronic" or "crippling" disease and Dr. McConkie believed Gallagher's complaints were exaggerated and unsupported by physical findings. Dr. McConkie placed no restrictions on Gallagher's abilities to lift, carry, stand, walk, or sit. In regard to Gallagher's personality disorders, Dr. Feir determined that Gallagher would not be able to perform a low-skill, low-stress job because of his inability to get along with people. The reports of two psychiatrists, however, indicated that Gallagher could work despite his personality disorders. Dr. Seidel reported that Gallagher had no diagnosable mood, anxiety, or organic mental disorders, and that it was difficult to diagnose him as having a "mental disability" because he had managed in the past to work, get married, and raise a family. She stated that Gallagher could work effectively in occupations requiring little contact with others. Dr. Armistead reported that Gallagher's abilities to relate with co-workers and supervisors was fair and his ability to deal with work stress and behave in an emotionally stable manner in work situations was good.
 
 
 4
 In determining that Gallagher had the functional capacity to perform light work, the ALJ properly considered and discredited Gallagher's subjective complaints of pain. Gallagher's complaints were not consistent with the medical evidence; the report of Dr. Feir who stated that Gallagher did not appear to be in pain during their meeting; the reports of his examining and treating physicians who placed few or no restrictions on his activities; Gallagher's admission that he did not take pain medication regularly; Gallagher's own description of his daily activities of driving, gardening, raking hay, cleaning, caring for his calves and horse, training his horse, and putting on animal shows; and Gallagher's admission that he could occasionally lift twenty-five to thirty pounds, could comfortably sit, stand, and walk for short periods of time, and could reach up over his head.
 
 
 5
 In determining that there were jobs in the economy that Gallagher could perform, the ALJ properly relied upon the testimony of the vocational expert. Gallagher is correct in asserting that a hypothetical question posed to a vocational expert must state all of the claimant's impairments with precision. Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991). The hypothetical question, however, must include only those impairments that the ALJ accepts as true. Id. If the ALJ had merely asked the expert to assume that Gallagher could do light work, that hypothetical question would be improper. See Camp v. Schweiker, 643 F.2d 1325, 1333 (8th Cir. 1981) (finding ALJ's hypothetical question deficient because it merely asked vocational expert to assume claimant could do light or sedentary work and did not precisely set out all of claimant's psychological and psychiatric impairments). The ALJ, however, also instructed the expert to consider that Gallagher was legally blind in one eye and had an inability to perform jobs with close interpersonal contact. Thus, the hypothetical question included consideration of all impairments that were supported by substantial evidence. See Rappoport, 942 F.2d at 1323.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Morris Sheppard Arnold, then United States District Judge for the Western District of Arkansas, now United States Circuit Judge, adopting the report and recommendation of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas