978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Susan HONEYCUTT, Appellant,
v.
SECRETARY of the DEPARTMENT of HEALTH and HUMAN SERVICES, Appellee .
 No. 91-3560.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 9, 1992.
Filed: November 3, 1992.
 
 Before JOHN R. GIBSON, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Susan Honeycutt appeals the judgment of the district court[1] upholding the Secretary's decision to deny Honeycutt social security disability benefits and supplemental security income (SSI) benefits. Upon careful review of the record, we affirm. See Baker v. Secretary of Health and Human Servs., 955 F.2d 552, 554 (8th Cir. 1992) (court must affirm if substantial evidence on record as a whole supports Secretary's decision).
 
 
 2
 Although the medical evidence indicated that Honeycutt had heart problems and diabetes, there was no indication that these conditions were disabling. Honeycutt was dependent upon insulin to control her diabetes, but there was no evidence that her diabetes adversely affected her physical condition. She testified that diabetes caused her to become blind in one eye, but the May 11, 1989 medical report indicated that, with glasses, she had 20/20 vision in both eyes. Honeycutt's electrocardiograms and treadmill tests indicated that her exercise capacity was limited, but they revealed no abnormalities consistent with a disabling heart condition. Honeycutt's physicians recommended that she participate in cardiac rehabilitation and, as the ALJ found, recommended only that she avoid strenuous work, working outside, and walking and lifting. There is evidence that Honeycutt attended some cardiac rehabilitation classes, but she failed to take full advantage of them by smoking prior to exercising, thereby causing her to exceed her target heart rate.
 
 
 3
 The ALJ properly considered and discredited Honeycutt's subjective complaints of pain and poor concentration. See Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984) (subsequent history omitted). Honeycutt's subjective complaints were not consistent with the medical evidence and with her daily activities-primarily, attending computer classes. She stated that she attended these classes for four hours per day without experiencing pain, and that she was able to concentrate well enough to make passing grades. The ALJ properly discredited Honeycutt's testimony regarding her functional restrictions. Although Honeycutt testified at one point that her pain restricted her from doing just about everything except attending classes, she also testified that she could stand and run a cash register if someone would hire her to do so. The medical records indicated that Honeycutt's condition affected only her abilities to do prolonged walking, lifting, or working outside. The medical records and Honeycutt's testimony indicated that she took several medications, which appeared to be effective if she took them as prescribed. The evidence indicated that she stopped taking some of the medications for a period of time when she could not afford them, but that by the time of the hearing, she had resumed taking the medications. Although Honeycutt reported that the medications sometimes caused headaches, dizziness, and frequent urination, she did not indicate that these side effects were severe enough to interfere with her daily routine.
 
 
 4
 The statements made by Honeycutt's family, friends, and roommate did not detract from the ALJ's findings. Based on this evidence and the testimony of the vocational expert, we conclude the ALJ committed no error in finding there were a significant number of sedentary jobs in the economy that Honeycutt could perform.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendation of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas