994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lahrue POINDEXTER, Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Appellee.
 No. 92-3872WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 25, 1993.
Filed: June 1, 1993.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lahrue Poindexter appeals from the district court's judgment affirming the Secretary's denial of social security disability and supplemental security income benefits. Having carefully reviewed the record, we affirm.
 
 
 2
 The Secretary's denial must be upheld if substantial evidence in the record as a whole supports the Secretary's conclusion that Poindexter is not disabled. See Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 554 (8th Cir. 1992). Substantial evidence is less than a preponderance, but enough for a reasonable person to find supports the conclusion. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). Thus, even though two conflicting positions can be drawn from the evidence, if one of those positions supports the Secretary's conclusion, we must affirm the decision. Id.
 
 
 3
 Poindexter first argues the administrative law judge (ALJ) did not fully and properly consider his subjective complaints of disabling pain and related functional limitations as required by Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (later history omitted). We believe the ALJ adequately considered Poindexter's complaints of pain and pain-related functional limitations. The ALJ acknowledged Poindexter's steady work record before the alleged onset of disability, but found this factor outweighed by the evidence relating to Poindexter's daily activities, the lack of prescription pain medication, the lack of side effects from treatment, the lack of functional restrictions placed on him, his lack of persistence in seeking medical treatment, and the lack of objective medical evidence to support the alleged severity of his pain. See id. The record supports these findings and they provide sufficient reason for discrediting Poindexter's subjective complaints of disabling pain and related limitations. See Baker, 955 F.2d at 555-56. Accordingly, we will not disturb the ALJ's decision to discredit Poindexter's testimony about disabling pain. Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993).
 
 
 4
 Poindexter also argues the hypothetical question posed to the vocational expert was flawed because it did not include his need to lie down and rest, his inability to concentrate due to his pain's severity, and his "condition in his right leg which caused him to fall if walking." The ALJ's hypotheticals, however, need only include those impairments that are credible and supported by the record. See Cronkhite v. Sullivan, 935 F.2d 133, 134 (8th Cir. 1991) (per curiam). Because the ALJ had a sufficient basis for discrediting Poindexter's allegations of disabling pain and related functional limitations, we conclude the ALJ did not erroneously exclude these allegations from the hypothetical.
 
 
 5
 Finally, Poindexter argues the ALJ should have considered the functional restrictions of his back impairment in combination with his other impairments. The ALJ did not consider Poindexter's back impairment because there was no medical evidence in the record to confirm it. After the ALJ issued his opinion, Poindexter provided medical records showing he had surgery for a herniated disk in 1974 and had visited the VA clinic complaining of back pains six months after the ALJ's decision. The Appeals Council properly considered this additional evidence in denying review of the ALJ's decision. We lack jurisdiction to review the Appeals Council's denial. See Browning v. Sullivan, 958 F.2d 817, 822-23 (8th Cir. 1992).
 
 
 6
 The judgment is affirmed.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D., as an appellee in this action under Fed. R. App. P. 43(c)