12 F.3d 1104
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Berta Gwen WEAKS, Social Security # ucb-fn-ircn Appellant,
v.
Donna E. SHALALA, Secretary of the Department of Health and
Human Services, Appellee.
 No. 93-1630.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 20, 1993.
Filed: December 6, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Berta G. Weaks appeals the judgment entered by the magistrate judge[1] upholding the Secretary's decision to deny her Supplemental Security Income (SSI) benefits. For reversal, Weaks argues that the administrative law judge (ALJ) erred in finding that she retained the residual functional capacity to return to her past relevant work and in finding that her subjective complaints of pain were not credible. After careful review of the record, we affirm.
 
 
 2
 We agree with the magistrate judge that substantial evidence exists to support the Secretary's decision that Weaks' back, hip, and leg pain does not prevent her from performing her prior light work, either as a fancy stitcher at a shoe factory or as a nightclub waitress. See 20 C.F.R. Sec. 404.1567(b); Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 555 & n.5 (8th Cir. 1992). The ALJ correctly observed that Weaks' treating physicians did not place restrictions on her ability to lift, sit, stand, walk, or bend, even though medical tests showed some degenerative changes in her lumbar spine and possible early rheumatoid arthritis. The ALJ also identified inconsistencies in the record which led him to discredit Weaks' testimony that she could not lift, grip, or walk. Although Dr. Ramon Lopez reported that Weaks had many functional limitations, the ALJ properly noted that this opinion was based on one consultative examination and the limitations reported were inconsistent with the doctor's own clinical findings. The report of Dr. Samir Dawoud was not before the ALJ, but the Appeals Council correctly noted that his opinion was generally consistent with the ALJ's decision that Weaks could return to her past relevant work.
 
 
 3
 We reject Weaks' argument that the ALJ improperly discredited her testimony that she suffered more than "unbearable" pain. The ALJ conducted a proper analysis under Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and made specific findings as required. See Baker, 955 F.2d at 555. As the ALJ noted, Weaks' daily activities were not unduly limited, the medical evidence did not support the severity of pain she claimed to experience, she failed to take medication as prescribed, and she did not suffer from functional restrictions that precluded her from returning to her past relevant work. Contrary to her argument on appeal, the ALJ properly considered her lack of consistent work history. See Polaski, 739 F.2d at 1322.
 
 
 4
 Weaks did not seek treatment for her back pain after August 1990, and she indicated she lacked financial resources to obtain medical care. While Weaks may have experienced a drastic change in family finances, she did not explain why her Medicaid coverage was "exhausted," she did not identify any steps she took to obtain low cost medical care, and she did not testify that she was denied medical care because of her financial condition. See Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir. 1992). Based on the evidence, the ALJ could properly determine that Weaks' financial concerns were not severe enough to justify her failure to seek further treatment. See id. at 387.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)