955 F.Supp. 91 (1997)
Katherine STRAWDER, et al., Plaintiffs,
v.
Shirley S. CHATER, etc., Defendants.
No. 4:95CV01287 GFG.
United States District Court, E.D. Missouri, Eastern Division.
March 14, 1997.
Dennis W. Fox, St. Louis, MO, for plaintiffs.
Wesley D. Wedemeyer, Office of U.S. Attorney, St. Louis, MO, for defendant.

*92 ORDER

GUNN, District Judge.
This matter is before the Court on the Report and Recommendation of the Honorable David D. Noce, United States Magistrate Judge. Document 22. The parties have filed no objections to the Report and Recommendation. Upon review of the Report and Recommendation,
IT IS HEREBY ORDERED that Magistrate Judge Noce's Report and Recommendation is sustained, adopted and incorporated herein. Accordingly,
IT IS FURTHER ORDERED that pursuant to Magistrate Judge Noce's Report and Recommendation this matter is remanded to the Commissioner of the Social Security Administration for redetermination based on the newly applicable standard for the disability of children and for reconsideration of the evidentiary record.
IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
NOCE, United States Magistrate Judge.
This action was referred to the undersigned Magistrate Judge, under 28 U.S.C. § 636(b), for consideration of the defendant's objection to the Report and Recommendation, filed on September 23, 1996.
In its objection, defendant requests that the action be remanded to the Social Security Administration for reconsideration under the new statutory standards for the disability of children seeking Supplemental Security Income benefits, set forth in the Personal Responsibility and Work Opportunity Reconciliation Act, Public Law 104-193, 110 Stat. 2105 (approved August 22, 1996) (Act). Plaintiff objects to the remand, arguing that the new standards are not applicable to this action, but that the pre-Act standards must be applied to determine plaintiff's entitlement to benefits.
The Supreme Court noted in Landgraf v. USI Film Products, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), that there is a presumption that Congressional legislation is prospective in its application. Id. at 265-66, 114 S.Ct. at 1497. The Court, in Landgraf, prescribed three steps for determining whether this presumption is overcome, to apply such legislation retroactively. First, this court must determine whether Congress expressly provided whether the Act is retroactive or prospective only. Id. at 280-81, 114 S.Ct. at 1505. Second, if Congress has not expressly determined retroactivity vel non, this court must determine whether or not the application of the Act would have retroactive effect, by providing "new legal consequences to events completed before its enactment." Id. at 270, 114 S.Ct. at 1499. Third, if the practical effect of the statute is retroactive in nature, the presumption, against retroactivity applies in the absence of a clear Congressional mandate. Id.
Congress expressly described the cases to which the relevant provisions of the Act (§§ 211(a) and (b) of Subtitle B  Benefits for Disabled Children) apply with the following language:
(d) Effective Dates, Etc. 
(1) Effective Dates. 
(A) Subsections (a) and (b). 
(i) In General.  The provisions of, and amendments made by, subsections (a) and (b) of this section shall apply to any individual who applies for, or whose claim is finally adjudicated with respect to, benefits under title XVI of the Social Security Act on or after the date of the enactment of this Act, without regard to whether regulations have been issued to implement such provisions and amendments.
(ii) Determination of Final Adjudication.  For purposes of clause (i), no individual's claim with respect to such benefits may be considered to be finally adjudicated before such date of enactment if, on or after such date, there is pending a request for either administrative or judicial review with respect to such claim that has been denied in whole, or there is pending, with respect to such claim, readjudication by the Commissioner of Social *93 Security pursuant to relief in a class action or implementation by the Commissioner of a court remand order.
Pub.L. 104-193, § 211(d)(1)(A)(i) and (ii). Before plaintiff commenced the instant proceedings in this court, the Commissioner of Social Security denied plaintiff's claim in its entirety. With respect to plaintiff's claim, there is currently pending, and on August 22, 1996, there was pending, a request for judicial review of the final decision of the Commissioner. Therefore, plaintiff's claim was not "finally adjudicated" before or on August 22, 1996, has not yet been "finally adjudicated," but, for the purposes of § 211(d)(1)(A)(i), is expected to be "finally adjudicated" in the future, i.e., after August 22, 1996. Id. at § 211(d)(1)(A)(ii). Congress's determination of the extent to which the relevant provisions of the new Act are applicable to cases such as plaintiff's is clear and, under Landgraf, must be applied. Congress's clear determination is that the amendments do now apply to plaintiff's claim. Id. at § 211(d)(1)(A)(i). Lishman v. Chater, 1996 WL 650437, *6-7 (N.D.Ill., November 6, 1996).
The relevant amendments of the Act differ from and are more restrictive in their standard for child disability under the Social Security Act than the prior law. Id. The judicial review of plaintiff's case, authorized by 42 U.S.C. § 405(g), is limited to determining whether the final decision of the Commissioner is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Baker v. Sec. of Health and Human Services, 955 F.2d 552, 554 (8th Cir.1992). Where an incorrect legal standard was applied by the Social Security Administration, albeit without knowing that the legal standard would thereafter be changed, the action ought to be reversed and remanded to the Commissioner for further proceedings; the court ought not proceed to make the first determination of plaintiff's entitlement to benefits under the new legal standard. Cf., Poe v. Harris, 644 F.2d 721, 723-24 (8th Cir.1981). In this case, Congress determined to change the applicable legal standard and the Commissioner should apply it to plaintiff's application.
For these reasons,
IT IS RECOMMENDED that the objection of the defendant to the Report and Recommendation, filed on September 23, 1996, be sustained and that this action be remanded to the Commissioner of Social Security for redetermination upon the newly applicable legal standard for the disability of children and for reconsideration of the evidentiary record which shall include such new and relevant evidence as the plaintiff may offer.
The parties are advised that they have ten days in which to file written objections to this Report and Recommendation. The failure to file timely, written objections to this Report and Recommendation shall waive the right to appeal issues of fact.